IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1543-JG-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| IBRAHIM BARRIE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the United States Secret Service and submitted several exhibits relating to defendant's immigration status. Defendant presented the testimony of the proposed third-party custodian, his wife. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by complaint on 31 May 2013 with knowingly and with intent to defraud using and trafficking in one or more counterfeit access devices, and attempting to do so, affecting interstate commerce on 22 June 2012 in violation of 18 U.S.C. § 1029(a)(1) and

(b)(1). The evidence presented at the hearing showed that the charges arise from an interstate and international scheme to defraud using counterfeit gift cards.

### Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence summarized above and defendant's entry into a plea agreement; the fraud-related nature of the offense charged; the circumstances of the offense charged, including the duration of the alleged scheme, its interstate and international nature, the amount of money involved, defendant's role as a manager in the scheme, and defendant's continuation of his participation in the scheme despite knowing the government was investigating him; defendant's criminal record, including 2 felony convictions and 14 misdemeanor convictions; defendant's status as a deportable alien; uncertainty as to the location of defendant's passport; defendant's ties to New York and Sierra Leone; the danger of continued offense conduct by defendant if released; defendant's apparent ability to finance flight from prosecution by his fraudulent offense conduct; the unsuitability of the proposed third-party custodial arrangement due to the potential reliance of the proposed custodian on defendant for income, the court's concern about the proposed custodian's credibility, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    This, the 11th day of October 2013.

_James E. Gates_
United States Magistrate Judge